UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

      Plaintiff,

-against-

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Defendant.

24-CV-5032 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at FCI Lewiston, brings this action *pro se*.[1]

Plaintiff also requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Plaintiff, however, is barred under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner. *See Lettieri v. U.S. Immigr. & Customs Enf't*, ECF 1:23-CV-2446, 9 (S.D.N.Y. Oct. 30, 2024).[2]

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff was held in the Niagara County Jail at the time he filed the complaint in this action.

[2] Even though the Court's order recognizing Plaintiff as barred was issued after he filed this action, the accumulated strikes all occurred before Plaintiff filed this action. *See* ECF 1:24-CV-2446, 7 (listing plaintiff's strikes and noting that at least five other federal district and appellate courts have recognized Plaintiff as barred under Section 1915(g)). Plaintiff therefore had three strikes at the time he filed this action.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[3] Instead, Plaintiff asserts claims arising from a Freedom of Information Act request that he alleges was denied by Defendant. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[4] Plaintiff is barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[5] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[4] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[5] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   November 4, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge

3